RICHARD O. LIBBEY *vs.* J. E. LONERGAN COMPANY.

Second Judicial District, Norwich, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The plaintiff sold packing to the defendant under an agreement that the defendant should pay therefor twenty-three cents per pound, with a two per cent discount for cash in ten days. The contract further provided that the defendant should be the general distributing agent for the packing and that profits and losses should be divided equally between the parties. The defendant received and paid for several shipments, but later refused to make further payments, claiming that the packing was not merchantable nor as represented by the plaintiff, a claim which the trial court found to be untrue. It did not appear from the finding that there were any losses or profits. *Held* that under these circumstances judgment was properly rendered for the plaintiff for the unpaid shipments, in an action upon the common counts for goods sold and delivered.

Argued October 16th—decided December 15th, 1917.

ACTION upon the so-called common counts to recover for merchandise alleged to have been sold and delivered to the defendant, brought to and tried by the Court of Common Pleas in New London County, *Waller, J.*; facts found and judgment rendered for the

plaintiff for $150, and appeal by the defendant. *No error*.

The bill of particulars contained charges against the defendant to the amount of $130.52 for six hundred and sixteen pounds of Libbey's Percolating and Everlasting Metallic Packing. The defendant's answer was a general denial, with a counterclaim alleging that the packing was unsalable and not as represented, and, further, that the parties had entered into a contract, the terms of which are contained in the following letter:—

Philadelphia, Penna., March 16th, 1914.

Mr. R. O. Libby,

121 Broadway,

New York, N. Y.

Dear Sir: As per our verbal agreement of even date, we herewith confirm the same as follows:

From now until May 1, 1914, it is understood that you are to make up your Libby Packing, box and send it to us, and we are to pay you twenty-three cents per pound on goods we receive, with a two per cent allowance for cash in ten days, and it is further agreed that we are to be the general distributing agents and all profits are to be equally divided and all losses are to be shared pro rata.

At the time of shipment your account is to be credited with the amount of money due you, and also it is understood that when there is enough money on the credit side of your account to warrant it, we will in turn advance at all times upon demand a reasonable amount to cover traveling expenses.

If the arrangement is mutually satisfactory, and we decide to manufacture this packing for you after May 1, 1914, it is understood that we are to be credited with twenty-three cents per pound for the packing before division of the profits is made and if we find that

this does not fully cover the costs of manufacture, that proper readjustment is to be made so as to reimburse us fully for the manufacture of this product.

> Yours very truly,
> J. E. Lonergan Co.,
> M. A. Hudson, Vice-President.

*Charles V. James*, for the appellant (defendant).

*Arthur F. Libby*, for the appellee (plaintiff).

SHUMWAY, J. The finding of the trial court certainly sustains a judgment in favor of the plaintiff. The defendant contends that the finding is not supported by the evidence, and it requests the court to correct the finding in several particulars. Whether or not the finding should be corrected in any material parts depends upon the interpretation of the letter of March 16th, 1914, set out in the defendant's counterclaim. It is admitted that the packing mentioned in the plaintiff's bill of particulars was delivered to the defendant under the terms of a contract, the substance of which is contained in this letter. The claim of the defendant is that the letter shows that the parties had agreed to engage in a joint undertaking or venture, which, as between themselves, made them both liable for the losses incurred, and entitled to share in the profits of the venture, and since there were no profits, but, on the contrary, there were losses, the plaintiff could not recover in this action.

The trial court correctly interpreted the situation before it. It is evident that the parties contemplated that the plaintiff should manufacture the Libbey Packing, and the defendant was to pay the plaintiff twenty-three cents a pound. The defendant was to sell the same, and the profits from the sale, if any, were to be

equally divided. This arrangement was to continue until May 1st, 1914, and thereafter the defendant was to manufacture the packing and receive therefor twenty-three cents a pound, before any profits were to be computed or divided. The plaintiff having performed his part of the contract, and delivered the packing, may recover under the common counts the price agreed to be paid.

The defendant's counterclaim was properly disallowed, as the court has found that the defendant had full opportunity to, and did, examine the packing, and all of it that was delivered was equally as good as that examined, and the defendant has never offered to return the same.

There is no error.

In this opinion the other judges concurred.